**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JERRY DEAN CLARK                                                                            PLAINTIFF

v.                                           1:16CV00084-KGB-JTK

SHARP COUNTY JAIL, et al.                                                               DEFENDANTS

**REVISED PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following partial recommended disposition has been sent to United States District Judge Kristine G. Baker. This recommendation takes the place of the partial findings and recommendations issued on September 16, 2016 (Doc. No. 13). Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>       Clerk, United States District Court
>       Eastern District of Arkansas
>       600 West Capitol Avenue, Suite A149
>       Little Rock, AR 72201-3325

## **DISPOSITION**

### I.     Introduction

Plaintiff Jerry Dean Clark is an inmate confined at the Sharp County Detention Center (Jail), who filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging improper conditions of confinement at the Jail (Doc. No. 1). By Order dated August 10, 2016 (Doc. No. 7), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court provided Plaintiff the opportunity to amend his complaint within thirty days. (Id., p. 4) Plaintiff has now filed an Amended Complaint, naming additional Defendants (Doc. No. 12).

Having reviewed Plaintiff's Amended Complaint, the Court finds that several named Defendants should be dismissed, for failure to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the

3

line between possibility and plausibility of entitlement to relief." Id.

### III. Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In the August 10, 2016 Order, the Court instructed Plaintiff to include in his amended complaint all the parties he wishes to sue, including "specific facts against each named Defendant." (Doc. No. 7, p. 4) However, in his Amended Complaint, the only Defendants he names or states facts upon which a claim is stated are Defendants Mark Haney and Michael Stevenson. Plaintiff, however, clarified in a subsequent Motion to Amend, that the proper name of Defendant Haney is Stan Haney. (Doc. No. 15) Therefore, all the other named Defendants should be dismissed, for failure to state a claim upon which relief may be granted. In addition, the Court notes that Plaintiff cannot sue the Sharp County Jail, because the Jail is not considered a "person" within the meaning of 42 U.S.C. § 1983. See Ketchum v. City of West Memphis, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities); and Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit).

### IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants Sharp County Jail, Mark Counts, Does, Mark Haney, Kendra Cherokee, and Monica Devon be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO RECOMMENDED this 27th day of September, 2016.

                                                JEROME T. KEARNEY
                                                UNITED STATES MAGISTRATE JUDGE