**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JERRY DEAN CLARK,                                                                PLAINTIFF
ADC #165173

v.                                            1:16CV00084-KGB-JTK

SHARP COUNTY JAIL, et al.                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff Jerry Clark is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging failure to protect and inadequate medical care and treatment while incarcerated at the Sharp County Jail on April 22, 2016 (Doc. No. 1).[1] Plaintiff asks for monetary and injunctive relief from Defendants.[2]

This matter is before the Court on the Motion for Summary Judgment, Brief in Support, and Statement of Facts, filed by remaining Defendants Stan Haney and Michael Stephens (Doc. Nos. 41-44).[3] Plaintiff filed Responses in opposition to the Motion (Doc. Nos. 46-47).

## II. Amended Complaint

Plaintiff was booked into the Sharp County Jail on April 22, 2016 by Defendant Stephens and placed in C-Pod pursuant to Defendant Haney's instructions (Doc. No. 12, p. 5). A few hours

---

[1] Plaintiff subsequently filed an Amended Complaint (Doc. No. 12).
[2] On September 27, 2106, this Court issued a Revised Proposed Findings and Recommendation, recommending that Defendants Sharp County Jail, Mark Counts, Does, Mark Haney, Kendra Cherokee, and Monica Devon be dismissed (Doc. No. 18).
[3] Plaintiff originally identified Defendant Stephens as Michael Stevenson.

later, Judge Mark Johnson came to Plaintiff's cell to read to Plaintiff his charges and set bail.

(Id.)   Shortly thereafter, Plaintiff was assaulted by three inmates, removed from the cell, without

medical treatment, and placed in isolation for sixty-nine days. (Id.)   An investigation into the

assault was not conducted and another inmate later told Plaintiff that Defendants Stephens and

Haney often "set up" inmate fights. (Id.)   Plaintiff later was placed into a cell block with one of

the known assailants, and in August , 2016, a similar incident occurred involving another inmate.

(Id., p. 7)

### III.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter

of law.    See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).    "The moving party bears

the initial burden of identifying 'those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact.'"    Webb v. Lawrence County, 144

F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

citations omitted)).    "Once the moving party has met this burden, the non-moving party cannot

simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth

specific facts showing that there is a genuine issue for trial.'"    Id. at 1135.    Although the facts

are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for

summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be

a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.     Official Capacity Liability

The Court agrees with Defendants that Plaintiff's monetary claims against them in their

official capacities should be dismissed.    A suit against a county official in his official capacity is the equivalent of a suit against the county itself.    Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998).    In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions.    Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).    Although Plaintiff alleges Defendants Stephens and Haney routinely set up inmate fights, he provides no proof to support his allegations, which Defendants denied in their Affidavits. (Doc. Nos. 43-1, pp. 2-4, 44-1) And, he offers no evidence or proof of a widespread custom or practice of Jail employees initiating inmate attacks on other inmates.    Therefore, the claims against Defendants in their official capacities should be dismissed.

## B.    Individual Capacity Liability - Qualified Immunity

Defendants ask this Court to grant them qualified immunity from Plaintiff's monetary claims against them in their individual capacities, which protects officials who act in an objectively reasonable manner.    It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).    Qualified immunity is a question of law, not a question of fact.    McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005).    Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally

consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[4] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Defendants state this claim fails as a matter of law, because Plaintiff cannot prove that they knew his placement in the C-Pod posed a substantial risk of serious harm, and that Defendants disregarded or were deliberately indifferent to that risk. Defendants state that Plaintiff was checked into the Jail on April 21, 2106, and that at 2:14 p.m. on April 22, 2016, Defendant Stephens took Plaintiff to C Block. (Doc. No. 43-1, p. 3) Judge Johnson entered the block at 5:42 p.m., and at 6:39 p.m., Jailer Blunt took Plaintiff to the front of the Jail because he was involved in an altercation with other inmates. (Id.) According to Jail logs, Blunt took Plaintiff from the shower to the Jail office for medical treatment by a jail "matron" at 7:58 p.m. (Id.) Both Defendants deny that they participated in a written or unwritten policy or custom of directing detainees to attack others, knew Plaintiff was at risk of harm from any other detainee prior to the attack, or saw the attack occur. (Id., pp. 3-4; Doc. No. 44-1, p. 2).

In response, Plaintiff states he attaches a statement from another inmate, Brian Boyer, which establishes that Defendant Stephens directed on-going assaults against inmates. He also

---

[4]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

disputes Defendants' affidavits.

Since Plaintiff was a pretrial detainee at the time of his incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege and prove that he was incarcerated under conditions posing a substantial risk of serious harm, and that Defendants recklessly disregarded that risk. Jackson v. Everett, 140 F.3d 1149, 1151-1152 (8th Cir. 1998).

In this case, Plaintiff states other inmates told him that Defendants often "set up" or directed attacks on other inmates. However, he provides no proof that either of the Defendants specifically directed any inmates to attack him. Although he provides a statement from a fellow inmate, Brian Boyer, the statement is not signed, and never states that either of the Defendants directed inmates to attack him. (Doc. No. 46, p. 2) Plaintiff also provides no evidence that either of the Defendants were aware of a threat of harm to him by the inmates who attacked him. Finally, he presents no evidence to support a claim that Defendants denied him medical care and treatment. According to the Jail log from April 22, 2016, at 7:58 p.m., Plaintiff was taken out of the shower and to the office "so matron could put triple antibotic (sic) on cut and bandaide over the top of it." (Doc. No. 43-3, p. 10) And at 8:01 p.m. he was given "meds." (Id.) Plaintiff never alleges what type of injuries he suffered from the altercation, and does not support a claim that Defendants Stephens and Haney acted with deliberate indifference to any serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). An allegation of negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429

U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds) (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)). "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

In this case, Plaintiff does not indicate what type of injuries he suffered or how a failure to treat those injuries were detrimental to him. He also provides no evidence to support a finding of harm due to deliberate or reckless actions of Defendants. Therefore, based on this evidence, the Court finds as a matter of law that Defendants did not direct inmates to attack Plaintiff, were not made aware of a risk of harm to the Plaintiff, and did not recklessly disregard any risk. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

**IV.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 41) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 2nd day of August, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE